SUAREZ, J.
 

 TB Isle Marina/Yacht Club [“TB Isle”] appeals from an order denying its motion for involuntary dismissal and ordering execution of license agreement and other relief in favor of Turnberry Isle Condominium Association [“Condo Association”]. We affirm, as the trial court’s findings of facts that TB Isle failed to comply -with the 2004 Final Judgment are supported by the record and have not been shown to be clearly erroneous, and the requirement of the execution of the license agreement for failure to comply has previously been affirmed by this court.
 

 After several years of litigation concerning the status and operation of a pool and
 
 *148
 
 its associated facilities currently owned and operated by TB Isle
 
 [1]
 
 and shared by the Condo Association pursuant to the Declaration of Condominium, the trial court issued a final order in 2003, and Final Judgment in 2004, holding that the facilities were to be operated in accordance with the rules and regulations, and to the same standards as, TB Isle’s other club facilities.
 
 [2]
 
 The trial court ruled that if TB Isle elected not to do this, then it was to deed those facilities to the Condo Association as provided in the Declaration of Condominium.
 
 [3]
 
 The 2004 Final Judgment was affirmed on appeal.
 
 [4]
 

 Following the Mandate, the Condo Association sued to enforce the Final Judgment claiming that TB Isle failed to operate the facilities in the manner required by the Final Judgment. After extensive eviden-tiary hearings, the trial court issued a detailed Order which includes extensive findings of fact and conclusions of law finding that TB Isle failed to operate the facilities in accordance with the Final Judgment and ordered that TB Isle deed the property to the Condo Association as set forth in the Final Judgment. As the trial court’s detailed findings of fact are supported by the record and have not been shown to be clearly erroneous, and as the 2004 Final Judgment requiring TB Isle to deed the property should it not comply with the Final Judgment was previously affirmed on appeal by this Court, we have
 
 *149
 
 no choice but to affirm the trial court’s ruling.
 

 Affirmed.
 

 [1]
 

 . TB Isle is the successor in interest to Turn-berry Isle Country Club, the original party to the litigation. While the appeal of the 2004 Final Judgment was pending, Turnberry Island Country Club sold its rights, interest, and title in the Turnberry Isle Yacht and Racquet Club to TB Isle, the appellant.
 

 [2]
 

 . The 2004 Final Judgment states:
 

 Specifically, the Club is required to either (a) continue to pay for all expenses and costs in connection with the operation of the swimming pool facilities and pool deck, which includes the Sunset Café and pool bar, or (b) execute a quit-claim deed of conveyance free of mortgages, transferring title to the swimming pool facilities and pool deck to the Association, such conveyance to include the Sunset Café and pool bar.
 

 b. The operation of the swimming pool facilities includes the operation of the Sunset Café and pool bar, and those facilities must be operated in accordance with the rules and regulations of the Club that apply to all other swimming pool facilities operated by the Club, including those at the Country Club and Ocean Club. The Sunset Café and pool bar shall provide food and beverage service in the same manner as provided at other Club operated facilities.
 

 [3]
 

 . The Declaration of Condominium provides, in part, that
 

 [Ujnit owners of the condominium and lessees and/or tenants of unit owners of the condominium, who are not members of Turnberry Isle Club, shall have the perpetual right, authority and privilege to use the swimming pool facilities and pool deck of Turnberry Isle Club subject to the rules and regulations of Turnberry Isle Club. In the event the operation of Turnberry Isle Club is discontinued for any reason whatsoever, the rights of the unit owners of the condominium and lessees and/or tenants of the unit owners of the condominium who have the perpetual right, authority and privilege to use the swimming pool facilities and deck, are subject to the following options vested in the owner of Turnberry Isle Club: (a) The owner of Turnberry Isle Club shall continue to pay for all expenses and costs in connection with the operation of the swimming pool facilities and pool deck, or in the alternative, (b) The owner of Turnberry Isle Club shall execute a quit-claim deed of conveyance, free of mortgages, transferring title to the swimming pool facilities and pool deck to the association, and the association shall be required to accept title thereto;....
 

 [4]
 

 .Florida Pritikin Center, Inc. v. Turnberry Isle Condominium Ass’n,
 
 924 So.2d 867 (Fla. 3d DCA 2006). Neither Turnberry Isle Country Club nor successor TB Isle participated in the appeal.